**UNITED STATES of America, Appellee,**

v.

**Willie WILLIAMS, Defendant-Appellant.**

**No. 27, Docket 24086.**

United States Court of Appeals Second Circuit.

Argued Oct. 4, 1956.

Decided Nov. 1, 1956.

Henry K. Chapman, New York City, for appellant.

Paul W. Williams, U. S. Atty., for the Southern District of New York, New York City (John A. Keeffe, Asst. U. S. Atty., New York City, Maurice N. Nessen, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before FRANK, MEDINA and HINCKS, Circuit Judges.

FRANK, Circuit Judge.

Appellant was indicted for conspiracy to violate the narcotic laws, and was con-

victed as charged. Appellant does not contend that a conspiracy did not exist among his co-defendants and others, to deliver narcotics in violation of 26 U.S.C. § 2553(a) and 21 U.S.C. §§ 173 and 174; and the evidence was ample to prove the existence of such a conspiracy. What appellant does contend is that the evidence did not suffice to prove he became a member of the conspiracy.

The evidence showed an original agreement to sell illegally $400 worth of narcotics to two persons both subsequently revealed as agents of the Federal Bureau of Narcotics. Appellant was not present during the arrangements for the sale, nor at the subsequent delivery of the narcotics by his co-defendants. Seven days later, Jackson, one of the agents came to New York to purchase an additional amount of narcotics, and appellant was present during these negotiations. During that meeting, one of his co-defendants warned of the presence of investigators in the neighborhood, and most of the group, including appellant, dispersed after receiving this warning. Later that evening, Jackson left the apartment where the arrangements had been made and when he appeared on the street, was called over to a car driven by appellant. Appellant and one of his co-defendants began questioning Jackson about his background in narcotics dealings, being apparently distrustful of his motives. The discussion continued at the apartment, in appellant's presence, until finally delivery was refused due to suspicion as to Jackson's identity. One of the questions asked by appellant—immediately following a question by a co-defendant as to whether the agent was an addict—was: "You come up here to buy stuff; you don't use stuff. How do you know what you are getting?"

■ On the basis of appellant's presence during these meetings and his active participation showing knowledge of the transaction taking place, we think that on the evidence a reasonable jury could reasonably find beyond a reasonable doubt that Williams became a member of that conspiracy.

■ Appellant also contends it was error to receive in evidence exhibits showing delivery of heroin to other conspirators before he joined the conspiracy. But it is well settled that when one joins a conspiracy, evidence of previous conspiratorial acts are admissible as evidence against him. Murphy v. U. S. (McKee v. U. S.), 6 Cir., 1943, 133 F. 2d 622; U. S. v. Manton, 2 Cir., 1938, 107 F.2d 834, certiorari denied, 1938, 309 U.S. 644, 60 S.Ct. 590, 84 L.Ed. 1012; U. S. v. Spadafora, 7 Cir., 1950, 181 F. 2d 957; Bogy v. U. S., 6 Cir., 1938, 96 F.2d 734, certiorari denied, 1938, 305 U. S. 608, 59 S.Ct. 68, 83 L.Ed. 387; Baker v. U. S., 4 Cir., 1927, 21 F.2d 903, certiorari denied, 1928, 276 U.S. 621, 48 S.Ct. 301, 72 L.Ed. 736.

Affirmed.